IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| James J. Kerr, Crayton, Walters, and J.T. Main, LLC, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 2:10-CV-00104-MBS |
| vs. | ) ) ) | |
| Branch Banking & Trust Co., Successor in merger to Branch Banking & Trust Co. of S.C., a/k/a BB&T, and James Edahl, | ) ) ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| John Voytko, | ) ) | |
| Plaintiff, | ) ) | Civil Action No. 2:10-CV-00109-MBS |
| vs. | ) ) ) | |
| Branch Banking & Trust Co., Successor in merger to Branch Banking & Trust Co. of S.C., a/k/a BB&T, and James Edahl, | ) ) ) ) | |
| Defendants. | ) ) | |

| | | |
|---|---|---|
| Ron Konersmann, | ) ) | |
| Plaintiff, | ) ) | Civil Action No. 2:10-CV-00110-MBS |
| vs. | ) ) ) | |
| Branch Banking & Trust Co., Successor in merger to Branch Banking & Trust Co. of S.C., a/k/a BB&T, and James Edahl, | ) ) ) ) | |
| Defendants. | ) ) | |

| | |
|---|---|
| Skywaves I Corp., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Branch Banking & Trust Co., Successor in )<br>merger to Branch Banking & Trust Co. of )<br>S.C., a/k/a BB&T, and James Edahl, )<br>)<br>Defendants. )<br>) | Civil Action No. 2:10-CV-00111-MBS |

## O R D E R

On December 3, 2009, Plaintiffs filed complaints in the Court of Common Pleas for Charleston County, South Carolina, alleging causes of action against Defendant Branch Banking and Trust Company ("BB&T") and its agent, Defendant James Edahl, for misrepresentation, fraud, and lender liability. Plaintiffs are citizens and residents of the State of South Carolina. BB&T is a corporation organized and existing under the laws of North Carolina. Edahl is a South Carolina resident.

Defendants removed the cases to this court on January 14, 2010 on the basis of diversity jurisdiction. Defendants alleged that Edahl was fraudulently joined for the purpose of destroying diversity and should be disregarded. Plaintiffs filed motions to remand on February 15, 2010, to which Defendants filed responses on February 15, 2010. The court granted Plaintiffs' motions to remand on June 21, 2010, finding that Plaintiffs have a possibility of a right to relief in their claims against Edahl. On June 21, 2010, Plaintiffs filed motions for attorneys' fees in each of the captioned cases. Plaintiffs Kerr, Walters, and Main (C/A No. 2:10-0104-MBS) were represented by Andrew K. Epting, Jr. of the Andrew K. Epting Jr. Law Office and Barbara J. Wagner, John William

Fletcher, and Morris Dawes Cooke, Jr. of Barnwell Whaley Patterson and Helms. Plaintiffs John Voytko and Ron Konersmann were represented by Barbara J. Wagner, John William Fletcher, and Morris Dawes Cooke, Jr., as well as John Edward Roxon of the Joye Law Firm. Plaintiff Skywaves I Corporation was represented by Barbara J. Wagner, John William Fletcher, and Morris Dawes Cooke, Jr., as well as George J. Kefalos of the George J. Kefalos Law Office. In support of their motions, Plaintiffs submitted documentation for in camera review. Plaintiffs seek a total of $52,565.48 in attorneys fees and costs.

By order filed August 16, 2010, the court granted Plaintiffs' motions for attorneys' fees and costs in the captioned matters, and granted Defendants an opportunity to review and object to the attorneys' fees and costs sought by Plaintiffs. Defendants filed a consolidated response to the court's order on September 3, 2010, to which Plaintiffs filed a consolidated response on September 21, 2010. Defendants asserts that Plaintiffs' request is excessive and duplicative and argue in favor of a fee award of no more than $9,000.00.

**DISCUSSION**

After finding that attorneys' fees are warranted, the court must determine a reasonable amount of attorneys' fees to award Plaintiffs. See In re Abrams & Abrams, P.A., 605 F.3d 238, 243 (4th Cir. 2010) ("'[T]he law of this circuit has long been clear that federal district courts have inherent power and an obligation to limit attorneys' fees to a reasonable amount.'")(quoting Bergstrom v. Dalkon Shield Trust (In re A.H. Robins Co., 86 F.3d 364, 373 (4th Cir. 1996)). "In calculating an award of attorney's fees, a court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." Robinson v. Equifax Info. Servs., LLC, 560 F.3d 235, 243 (4th Cir. 2009) (citing Grissom v. The Mills Corp., 549 F.3d 313,

3

320 (4th Cir. 2008)). The Fourth Circuit has enumerated twelve factors to guide the court's determination of a reasonable number of hours and a reasonable rate. Id. These factors are as follows:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

Id. at 243-44 (citing Barber v. Kimbrell's Inc., 577 F.2d 216, 226 n.28 (4th Cir. 1978)). The court may find that a number of the twelve factors do not affect the attorneys' fee in this case and are inapplicable; as such, these factors do not need to be strictly applied. See E.E.O.C. v. Service News Co., 898 F.2d 958, 965 (4th Cir. 1990) (stating that seven of the factors did not affect the fee in that case and moving on to an analysis of the factors that did affect the fee).

    1.    Time and labor expended

Plaintiffs' counsel expended substantial time and labor on this case. Defendants contend, however, that the fee submission submitted by Plaintiffs contains excessive and duplicative time, as well as time for matters unrelated to the remand motion. Defendants argue that essentially one attorney researched and prepared the legal arguments and one attorney made oral arguments at the hearing, so that submitting the time of five attorneys and two paralegals is unreasonable. The court disagrees.

As an initial matter, each Plaintiff is entitled to individual representation and is entitled to bring separate lawsuits. Moreover, the cases involve novel questions of state law as to the potential

4

liability of Defendant Edahl. The court does not find it unusual or improper that counsel spent time discussing the remand motion and the appropriate arguments. In addition, numerous affidavits were prepared setting forth the individual Plaintiffs' experiences with BB&T and Edahl that led to the within litigation. Although this factor weighs in favor of Plaintiffs, the court concludes, as set forth below, that some adjustment is necessary.

    2.    <u>Novelty and difficulty of the questions raised</u>

The court finds that this factor weighs in Plaintiffs' favor because the case involved legal issues relating to lender liability, which is a fairly complex practice area requiring unique legal skills. The case also involved the interpretation of S.C. Code Ann. § 37-10-107 and whether section 37-10-107 provides a right to relief against Edahl. The court located no precedent in South Carolina interpreting or applying section 37-10-107 in the manner urged by Plaintiffs.

    3.    <u>Skill required to properly perform the legal services rendered</u>

Given the unique nature of Plaintiffs' commercial litigation, Plaintiffs were justified in engaging knowledgeable, competent counsel to litigate Plaintiffs' claims against Defendants.

    4.    <u>Attorneys' opportunity costs in pressing the instant litigation</u>

The court finds that this factor does not affect the attorneys' fee in this case.

    5.    <u>Customary fee for like work</u>

The court finds that because Plaintiffs' counsel billed Plaintiffs at the attorneys' and paralegals' standard hourly rates, the fee charged in this case is the customary fee for like work.

    6.    <u>Attorney's expectations at the outset of the litigation</u>

The court finds that this factor does not affect the attorneys' fee in this case.

    7.    <u>Time limitations imposed by the client or circumstances</u>

The court finds that this factor does not affect the attorneys' fee in this case. The court notes, however, Plaintiffs were required to file the motions to remand in a timely manner as set forth by 28 U.S.C. § 1447(c), and thus counsel were subject to time constraints imposed by statute.

8.  Amount in controversy and the results obtained

Plaintiffs contend that Defendants' conduct led to the bankruptcy of a profitable business and that damages will likely be in the millions of dollars. Plaintiffs assert that the lawsuits implicate novel legal questions under South Carolina statutory and common law as well as complex factual and legal questions. Plaintiffs contend that it was important to engage in a thorough and robust effort to remand the within actions and protect their right to have the state courts decide the issues. Plaintiffs were successful in achieving this goal.

9.  Experience, reputation and ability of the attorney

Plaintiffs note that Attorneys Cooke, Epting, and Kefalos are listed as South Carolina Super Lawyers and have AV ratings in the Martindale-Hubbell listing. The court is satisfied that the standard hourly rate charged by each attorney, paralegal, and clerk reflects the experience, reputation, and ability of each and finds that the standard hourly rates are reasonable.

10.  Undesirability of the case within the legal community in which the suit arose

The court finds that this factor does not affect the attorneys' fee in this case.

11.  Nature and length of the professional relationship between attorney and client

The court has not been provided information regarding this factor.

12.  Attorneys' fees awards in similar cases

The court has been unable to locate a case directly on point. In Allen v. Monsanto Co., 2007 WL 1859046 (S.D.W. Va. June 26, 2007), the court reduced the requested fee by 66% and

6

determined that too many lawyers were used for routine procedural legal work, which resulted in excessive and duplicative work. The court awarded an attorneys' fee of $22,275.00 on a "routine" remand motion. The court noted that the fee-shifting provision of 28 U.S.C. § 1447(c) allows for payment of just costs and expenses incurred as a result of removal, and was designed to put plaintiffs in the same position as before removal. Section 1447(c) is not intended to penalize defendants or give plaintiffs a windfall. Allen, 2007 WL 1859046, *3. Accordingly, the Allen court reduced the fee award by a percentage "'as a practical means of trimming fat from a fee application.'" Id. at *2 (quoting New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1146 (2d Cir. 1983)). In this case, Plaintiffs submitted virtually identical pleadings and motions despite the fact that different counsel represented different Plaintiffs. Further, as noted hereinabove, one counsel presented argument on behalf of all Plaintiffs. The court finds it practical to reduce the fee award by a percentage to eliminate overlap. The court therefore will reduce the attorneys' fees and costs requested by Plaintiffs of $52,565.48 by 25%, for a total award of $39,424.11.

## CONCLUSION

For the reasons stated herein, Plaintiffs are awarded attorneys' fees in the total amount of $39,424.11.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

March 28, 2011.